IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR STRONG, | ) |
|     Petitioner, | )   Civil Action No. 17-170 Erie |
| | ) |
| v. | ) |
| | )   Magistrate Judge Susan Paradise Baxter |
| | ) |
| SUPT. MICHAEL CLARK, et al., | ) |
|     Respondents. | ) |

# **OPINION**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Victor Strong (the "Petitioner"), pursuant to 28 U.S.C. § 2254. For the reasons set forth below, his request for habeas relief is denied and a certificate of appealability is denied.

## I.

### A. Background

In 2000, the Petitioner was sentenced in the Court of Common Pleas of Philadelphia County to a term of 15-30 years of imprisonment. His original maximum sentence date was calculated to be May 16, 2029. In 2014, the Pennsylvania Board of Probation and Parole (the "Board") released him to parole. In June 2015, he was arrested in Connecticut and charged with the crimes of possession of burglar tools and conspiracy to commit larceny. That same day, the Board lodged a detainer against him.

On September 12, 2016, the Petitioner was convicted in Connecticut state court of the crime of possession of burglar tools. The state court sentenced him to a term of 12 months of incarceration with credit for time served. The following month, on October 3, 2016, he was released to the custody of the

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

Pennsylvania Department of Corrections. The Board subsequently held a parole revocation hearing. In a Notice of Board Decision dated December 19, 2016, it advised the Petitioner that he was recommitted as a convicted parole violator to serve 6 months of backtime and that his maximum sentence date was recalculated to be June 2, 2030. In that same Notice, the Board also explained to the Petitioner:

> **This decision involves an issue that is subject to the Board's administrative remedies process. See 37 Pa. Code Sec. 73. Failure to administratively appeal the decision may affect your legal rights.** If you wish to appeal this decision, you must file a request for administrative relief with the Board within thirty (30) days of the mailing date of the decision. This request shall set forth specifically the factual and legal bases for the allegations. You have the right to an attorney in this appeal and in any subsequent appeal to the Commonwealth Court. You may be entitled to counsel from the Public Defender's Office at no cost. Enclosed with this Board decision is an administrative remedies form and the names and addresses of all the Chief Public Defenders in the Commonwealth. Any request for a public defender should be sent directly to the Public Defender's Office in the county where you currently reside.

Resp. Attach. 11 (emphasis added).

The Petitioner did not pursue the state review process available to him. In July 2017, he filed with this Court the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Under this statute, "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. Id. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

The Petitioner claims that the Board has subjected him to cruel and unusual punishment in violation of the Eighth Amendment. He alleges that it failed to follow its regulations when it did not put a minimum sentence date on its December 19, 2016, Notice. "By this abuse of power," the petitioner alleges, he "received a second hit by the parole board." (ECF No. 14 at 2).

2

In their answer (ECF No. 9), Respondents contend that any federal constitutional claim that the Petitioner is raising is procedurally defaulted (in addition to having no merit). The Petitioner filed a reply (ECF No. 14), but he did not address the Respondents's contention that his claim is procedurally defaulted.

**B.     Discussion**

Although it appears that the Petitioner's allegations have no merit, the Respondents are correct that any federal constitutional claim that he is raising is procedurally defaulted and, therefore, must be denied for that reason. The "exhaustion doctrine" requires that a petitioner challenging his state custody must raise his federal constitutional claims in state court through the proper procedures before he litigates them in a federal habeas petition. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) ("[i]t is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts.") (citing 28 U.S.C. § 2254(b)(1)(A)). It is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights[,]"Coleman v. Thompson, 501 U.S. 722, 731 (1991), and "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]"O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The Supreme Court has held that a petitioner must have "invoke[d] *one complete round of the State's established appellate review process*[,]" in order to satisfy the exhaustion requirement. O'Sullivan, 526 U.S. at 845 (emphasis added).

The Board explained to the Petitioner the administrative review process. The Petitioner did not even complete the first step, which was to seek administrative review with the Board itself. 37 Pa. Code § 73.1. If he had completed that step and the Board denied his appeal, the Petitioner then would have

had to file an appeal of the Board's decision with the Commonwealth Court. 42 Pa.C.S. § 763(a). Then, if the Commonwealth Court affirmed the Board's decision, the Petitioner would have had to pursue an appeal with the Supreme Court of Pennsylvania before he could raise his claims in a federal habeas petition. Pa.R.A.P. 1114; Williams v. Wynder, 232 F.App'x 177, 179-80 (3d Cir. 2007).

Because Petitioner did not "invoke[] *one complete round of the State's established appellate review process*[,]" he did not exhaust his habeas claim. O'Sullivan, 526 U.S. at 845. The time for him to file an administrative appeal has expired and, therefore, it would be futile for him to attempt to do so now. As a result, any federal constitutional claim that the Petitioner raised in his petition is procedurally defaulted for the purposes of federal habeas review. See, e.g., Lines v. Larkins, 208 F.3d 153, 16069 (3d Cir. 2000); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

Based upon all of the foregoing, the petition is denied.

## C. **Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claim for habeas relief should be denied Accordingly, a certificate of appealability is denied.

## II.

For the reasons set forth above, the Petitioner's request for habeas relief is denied and a certificate of appealability is denied. An appropriate Order follows.

Dated: September 25, 2017

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR STRONG,<br>    Petitioner,<br><br>v.<br><br>SUPT. MICHAEL CLARK, et al.,<br>    Respondents. | Civil Action No. 17-170 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

## **ORDER**

AND NOW, this 25th day of September, 2017, IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED and a certificate of appealability is DENIED on all claims.

The Clerk of Court shall mark this case CLOSED.

                                        /s/ Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        United States Magistrate Judge

cc:    Notice by ECF to counsel of record and by U.S. mail to Petitioner at his address of record